UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-CV-61102

ARMANDO GUARDADO,

    Plaintiff,

vs.

PINES CARE RESEARCH CENTER, LLC
AND JAYNIER MOYA, M.D.,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Armando Guardado, sues Defendants, Pines Care Research Center, LLC and Jaynier Moya, M.D., as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Armando Guardado**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Pines Care Research Center, LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, where it maintains its principal place of business.

6.     **Defendant, Jaynier Moya, M.D.,** was and is an

1

owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Jaynier Moya, M.D., ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants have at all times material had at least two or more employees engaged in interstate commerce in the course of their provision of medical care, diagnosis, treatment, and performance of clinical trials to patients on behalf of corporations located outside of the State of Florida.

13. Defendants have been at all times material engaged in interstate commerce in the course of their provision of medical care, clinical trials, and services which, traditionally, cannot be

2

performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

14. Defendants also engage in interstate commerce in the course of their regularly and routinely submitting billings to and receiving payment(s) from out-of-state medical and pharmaceutical payors.

15. Defendants own and operate medical office that utilizes computers, computer software, medical equipment and supplies, telephones, phone systems, and other materials and supplies that traveled in interstate commerce to engage in interstate commerce.

16. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

19. Plaintiff worked for Defendants from approximately March/April 2022 through February 20, 2023, as a Research Coordinator.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

21. During his employment, Plaintiff utilized goods, materials, computers, software, machinery, materials, and supplies provided to him by Defendants and that traveled in interstate commerce prior and/or subsequent to her use of the same.

22. Plaintiff's work for Defendants was in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his work in reporting to sponsors located inside and outside of the State of Florida about persons involved in studies (subjects), keeping in contact with the local subjects, and completing paperwork regarding the subjects while utilizing computers and telephones to regularly and routinely communicate with persons located outside of the State of Florida.

23. Defendants paid Plaintiff an hourly rate that increased from $16.00 to $17.00.

24. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

### *Liability*

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly pay rate for all hours worked over 40 hours in a given workweek.

26. Defendants also failed to pay Plaintiff for all the overtime hours he worked by automatically deducting 30 minutes from each workday, even though he was not relieved of all work duties for 30 minutes each day.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

29. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Armando Guardado, demands the entry of a judgment in her favor and against Defendants, Pines Care Research Center, LLC and Jaynier Moya, M.D., jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Armando Guardado, demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of June 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*