UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-CV-61102-SINGHAL/VALLE

ARMANDO GUARDADO,

    Plaintiff,

vs.

PINES CARE RESEARCH CENTER, LLC AND JAYNIER MOYA, M.D.,

    Defendants.

_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Plaintiff, Armando Guardado, and Defendants, Pines Care Research Center, LLC and Jaynier Moya, M.D. ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] The parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A". The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the parties' Settlement Agreement, Plaintiff will receive $4,500.00, which is about half of the amount estimated in his Statement of Claim at ECF No. 13. The Statement of Claim was based on weekly overtime averages, not exact time records. Defendants provided time and pay records indicating Plaintiff was owed about half of the amount he is receiving in this

settlement. Many issues were in dispute with the main point of contention being whether client was an independent contractor or an employee. Defendants also disputed the time period that Plaintiff worked at their office, the number of hours he worked, and the methods in which he was paid. The parties agreed to settle this case instead of litigating these issues and incurring more time and expenses. Plaintiff's counsel will receive the total amount of $5,500.00, which represents a compromise of Plaintiff's attorneys' fees and costs.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

**(1)** ***There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

### (2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

### (3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged time and pay records, which they independently analyzed. Based on this analysis, the parties decided to resolve this matter.

### (4) *The Probability of Success on the Merits Supports Settlement.*

The parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be awarded any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue.

### (5) *The Range of Possible Recovery Supports Approval.*

The parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)** *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated AUGUST 21, 2023.

| | |
|---|---|
| s/*Toussaint M. Cummings, Esq.* | s/ *Robyn Lynn Sztyndor, Esq.* |
| Toussaint M. Cummings, Esq. (119877) | Robyn Lynn Sztyndor, Esq. (89253) |
| toussaint@fairlawattorney.com | rls409@nyu.edu |
| FAIRLAW FIRM | RLS LAW, P.A |
| 135 San Lorenzo Ave | 401 E. Las Olas Blvd. |
| Suite 770 | Suite 1400 |
| Coral Gables, FL 33146 | Fort Lauderdale, FL 33301 |
| Tel:   305.230.4884 | Tel: 786-395-1824 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |